IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNIE SACOMAN,

    Petitioner,

vs.                                                                                                     No. CIV 20-0694 JB\JHR

DWAYNE SANTISTEVAN, *Warden,* and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO

    Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on (i) Petitioner Ernie Sacoman's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed July 13, 2020 (Doc. 1)("Petition"); and (ii) the Petitioner's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed July 13, 2020 (Doc. 2)("IFP Motion"). Petitioner Ernie Sacoman challenges the constitutionality of his 1987 state court convictions for, among other things, felony murder. See Petition at 1. Having reviewed the Petition and Sacoman's filing history, the Court will dismiss all unauthorized successive habeas claims for lack of jurisdiction and order Sacoman to show cause why the Court should not dismiss the remaining claims as time-barred.

**BACKGROUND**

The Court takes the following background information from the Petition, Sacoman's state court criminal docket, see State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, and Sacoman's federal habeas docket, see Sacoman v. Williams, et al, No. CIV 96-0128 JAP-LFG. The state and federal dockets are subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(concluding that courts have

"discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 Fed. App'x 792, 794 (10th Cir. 2016)(concluding that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").[1]

On April 14, 1987, a state jury convicted Sacoman of first-degree murder, conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery, and tampering with evidence. See Petition at 1 (citing State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225). The state court sentenced Sacoman to life imprisonment, followed by two years of parole. See Petition at 1. Sacoman filed a direct capital appeal with the Supreme Court of New Mexico ("NMSC"). On September 27, 1988, the Supreme Court of New Mexico affirmed the conviction and sentence "in it[]s entirety[.]". Petition at 2. Sacoman then filed various state habeas motions, but the state court denied all relief. See Petition

---

[1] Mitchell v. Dowling is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Mitchell v. Dowling and the other published opinions cited herein, see Taylor v. Wade, 789 Fed. App'x 674, 677 (10th Cir. 2019); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012); Gunderson v. Abbott, 172 Fed. App'x 806, 809 (10th Cir. 2006); Sutton v. Mikesell, 2020 WL 1845283, at *2 (10th Cir. Apr. 13, 2020), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

at 3-4.  See also Docket Sheet in State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225.

On January 30, 1996, Sacoman filed his first federal Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.   See Petition at 6; see also Sacoman v. Williams, et al, No. CIV 96-0128 JAP-LFG (Doc. 1)("1996 Petition").   The federal docket sheet reflects that the Honorable Lorenzo F. Garcia, United States Magistrate Judge for the District of New Mexico (Ret.), issued Proposed Findings and a Recommended Disposition ("PFRD") recommending that the 1996 Petition be denied and the action be dismissed with prejudice.   See Magistrate Judge's Proposed Findings and a Recommended Disposition, filed January 7, 1997 in Sacoman v. Williams, et al, No. CIV 96-0128 JAP-LFG (Doc. 14).   The Honorable James A. Parker, Senior United States District Judge for the District of New Mexico, adopted the PFRD, denied the 1996 Petition, and entered Judgment in favor of the respondent on all claims.   See Order by Judge James A. Parker adopting Magistrate Judge's Proposed Findings and Recommended Disposition [14-1] and Denying Habeas Corpus Petition [1-1] [and] Dismissing Case with Prejudice, filed April 21, 1997 in Sacoman v. Williams, et al, No. CIV 96-0128 JAP-LFG (Doc. 16); Judgment by James A. Parker in Favor of Respondent on All of Petitioner's Claims, filed April 21, 1997 in Sacoman v. Williams, et al, No. CIV 96-0128 JAP-LFG (Doc. 16).

Those documents are not electronically available via CM/ECF.   However, because Sacoman pursued an appeal, Circuit set out the case history and described the rulings in its Order and Judgment issued March 12, 1998, which is available on Westlaw.   See Sacoman v. Williams, 141 F.3d 1185, 1998 WL 109845 (10th Cir. March 12, 1998)(unpublished table decision).   The appellate ruling reflects Sacoman challenged his state convictions for "first-degree murder,

conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery and tampering with evidence." Sacoman v. Williams, 1998 WL 109845, at *1. It further reflects Sacoman exhausted his state remedies before filing the 1996 Petition, and that Judge Parker denied relief on the merits. See Sacoman v. Williams, 1998 WL 109845, at *1. Specifically, Judge Parker rejected the following arguments:

> (1) juror misconduct violated his constitutional right to a fair trial and necessitates a new trial; (2) there was insufficient evidence to support his conviction; (3) the trial court violated his constitutional right to a fair trial by refusing to order the state to produce the psychological records of a witness who testified against petitioner; (4) his right to a fair trial was violated because the prosecution questioned petitioner about a previous juvenile adjudication; and (5) ineffective assistance of counsel violated his rights under the Sixth Amendment.

Sacoman v. Williams 1998 WL 109845, at *1. After finding no error in Judge Parker's decision, the Tenth Circuit denied Sacoman's "application for a certificate of probable cause," which today is called a certificate of appealability. Sacoman v. Williams 1998 WL 109845, at *3. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010 (noting that circuit courts must generally grant or deny a certificate of appealability after the district court dismisses a habeas petition).

Sacoman filed this § 2254 Petition on July 13, 2020. See Petition at 1. The Petition's first page reflects Sacoman is challenging the same state convictions at issue in the 1996 Petition, i.e., murder, armed robbery, tampering with evidence, and conspiracy. See Petition at 1. It also appears Sacoman is challenging a state court order entered July 19, 2011, which amended his judgment and sentence. See Petition, at 5, 19; State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, Order Amending Judgment and Sentence to Correct Parole Term, filed July 19, 2011 ("2011 State Order"). The 2011 State Order states:

> The Court hereby finds that the Judgment and Sentence needs to be corrected to reflect the correct parole term applicable at the time of the offense and the sentencing in this case pursuant to § 31-21-10(B), NMSA 1978. The Court hereby orders that the defendant, upon completion of the life sentence of imprisonment, shall be required to undergo a minimum period of parole of five (5) years.

2011 State Order at 1. Construed liberally, Sacoman argues that the State court violated his due process rights by entering the 2011 State Order without notice or an opportunity to object. See Petition at 5.

Sacoman filed a properly supported IFP Motion, and the matter is ready for initial review. The Court will consider: (i) the IFP Motion; (ii) whether it lacks jurisdiction over any successive claims challenge to the original 1987 conviction; and (iii) whether any challenges to the 2011 State Order are barred for failure to raise the claims within the one-year statute of limitations applicable to federal habeas claims.

## LAW REGARDING SUCCESSIVE § 2254 CLAIMS

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. One such limitation is the jurisdiction bar applicable to second or successive habeas petitions. The district court automatically has jurisdiction over a defendant's first § 2255 proceeding. See 28 U.S.C. §§ 2254; 2244(a). Absent prior authorization from the Court of Appeals, however, district courts lack jurisdiction to consider second or successive § 2254 claims. See 28 U.S.C. §

2244(b)(3); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until the Tenth Circuit] has granted the required authorization.")(quotations omitted).

When a second or successive § 2254 petition is filed in the district court without the required authorization, the district court may dismiss or may transfer the matter to the Tenth Circuit if it determines that transfer is "in the interest of justice pursuant to [28 U.S.C.] § 1631."  In re Cline, 531 F.3d at 1252 (quoting Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)).  Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . ."  In re Cline, 531 F.3d at 1252.  To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence. See 28 U.S.C. § 2244(b)(2).

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person in state custody under the AEDPA.  See 28 U.S.C. § 2244(d).  Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion

>of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

This one-year statute of limitations is tolled when a petitioner files state habeas corpus petition. Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010). A state habeas petition,

however, submitted after the one-year deadline does not toll the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").

The one-year statute of limitations may also be subject to equitable tolling.  Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file.  See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling.  Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 Fed. App'x 674, 677 (10th Cir. 2019)("[N]either [the petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012) (explaining that the Petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the Court can] address[] the merits of [his] claims."  United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018).  Accordingly, federal Courts have authority to sua sponte consider the timeliness of a habeas petition on screening.  See Day v.

McDonough, 547 U.S. 198, 209 (2006)(concluding that, as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## ANALYSIS

In this habeas proceeding, Sacoman challenges his 1987 convictions for murder, armed robbery, tampering with evidence, and conspiracy along with a 2011 State Order amending his term of parole. See Petition, at 1, 5. The Court will address each claim below. Sacoman also filed an IFP Motion and wishes to proceed without prepaying the $5.00 habeas filing fee. See IFP Motion at 1. The Court may grant in forma pauperis relief only where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Sacoman's financial statement reflects that he receives about $100 per month and has $16.21 his inmate spending account. See IFP Motion at 2, 5. The Court will therefore deny the IFP Motion and order Sacoman to prepay the $5.00 filing fee within thirty days of this Order's entry.

I. **THE COURT WILL DISMISS ANY SUCCESSIVE HABEAS CLAIMS CHALLENGING THE 1987 CONVICTIONS.**

The Petition's first page purports to challenge Sacoman's 1987 state convictions, and it appears certain that arguments relate to the original criminal judgment/sentence. See Petition at 1. Sacoman argues that he continues to maintain his innocence and "pray[s] this Court can see the misjustice and intervene to correct" it. Petition at 14. As noted above, Judge Parker already reviewed the constitutionality of Sacoman's convictions and sentence through the 1996 habeas proceeding. The Court therefore construes any current challenges to the original convictions or sentence as second/successive habeas claims. There is no indication in the record that the Tenth

Circuit has authorized Sacoman to raise successive habeas claims. Accordingly, the Court will evaluate whether to transfer such claims to the Tenth Circuit or dismiss the claims for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Relevant factors include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251.

Considering these factors, the Court determines that it is not in the interest of justice to transfer any successive habeas claims to the Tenth Circuit. A successive challenge to the original conviction and sentence is not likely to have merit, as Sacoman does not cite a new rule of constitutional or new evidence. See 28 U.S.C. § 2244(b)(2). In addition, the state court entered the criminal Judgment over thirty-three years ago, and any successive claims are time-barred. There is no evidence of bad faith, but this factor alone is not dispositive under the circumstances of this case. For these reasons, the Court will dismiss for lack of jurisdiction any successive claims challenging the original judgment and sentence.

## II.   SACOMAN MUST DEMONSTRATE WHY THE STATUTE OF LIMITATIONS DOES NOT BAR THE CLAIMS CHALLENGING THE 2011 STATE ORDER.

Sacoman also argues the State court entered the 2011 State Order amending his term of parole in violation of the federal Due Process Clause. See Petition at 5. Because the 2011 State Order triggered a new one-year limitation period, any claims stemming from that order are time-barred. The state court entered the 2011 State Order on July 19, 2011, and there was no appeal. See Petition at 19; State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, Docket Sheet. The 2011 State Order therefore became final no later than

August 19, 2011, the first business day following expiration of the thirty day state appeal period. See Locke v. Saffle, 237 F.3d 1269, 1271-1273 (10th Cir. 2001)(explaining that for § 2254's purposes, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that notice of appeal must be filed within thirty days after the order or judgment's entry).

The state docket reflects that there was no tolling activity during the next year. See State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, Docket Sheet. Accordingly, the one-year period for seeking habeas relief from the 2011 State Order appears to have expired on April 19, 2012. Any State habeas petitions filed after that did not -- as Sacoman appears to believe -- restart the clock or otherwise impact the expired limitations period. See Gunderson v. Abbott, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); Fisher v. Gibson, 262 F.3d at 1142-43 ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after . . . end of the limitations period.").

Where, as here, the initial review of a habeas petition reflects the claims are time-barred, the Court permits the petitioner to show-cause why the Court should not dismiss the claims with prejudice. The Court will allow Sacoman to file a show-cause response within thirty days of entry of this Order. The show-cause response should address only the timeliness of Sacoman's claims challenging the 2011 State Order. The Court will not revisit the constitutionality of the original conviction or sentence, nor will it consider whether the New Mexico Adult Parole Board improperly denied parole based on Sacoman's refusal to admit guilt. See Petition at 14 (arguing

that Sacoman is eligible for parole, has "seen the Parole Board in 2016, 2018, and 2020[,] and has been denied[,] probably because [he] continues to maintain his innocence").  Any challenge to a sentence's execution, and in particular, the parole's term, must be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.  See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)(explaining the distinction between habeas proceedings under §§ 2241 and 2254, and holding challenges to the execution of a sentence can be raised only under § 2241); Sutton v. Mikesell, 2020 WL 1845283, at *2 (10th Cir. April 13, 2020)(applying § 2241 to review state parole board's decision to defer a conditional grant of parole)(unpublished).

The failure to timely comply with both directives in this Memorandum Opinion and Order, i.e., pay the $5.00 habeas filing fee and file a show-cause response, will result in dismissal of this § 2254 action without further notice.  See Hare v, Ray, 232 F.3d 901 (10th Cir. 2000)(the district court may sua sponte dismiss an untimely § 2254 petition where the petitioner fails to identify circumstances that would support tolling).

**IT IS ORDERED** that: (i) the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed July 13, 2020 (Doc. 2) is denied; (ii) the Petitioner must pay the $5.00 habeas filing fee within thirty days of entry of this Memorandum Opinion and Order; (iii) to the extent that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed July 13, 2020 (Doc. 1) raises successive habeas claims challenging his 1987 convictions and sentence, such claims are dismissed without prejudice for lack of jurisdiction; and (iv) within thirty days of this Memorandum Opinion and Order's entry, the Petitioner must file a response showing cause, if any, why the Court should not dismiss the remaining claims challenging the 2011 State Order as untimely.

_____
UNITED STATES DISTRICT JUDGE

Ernie Sacoman, # 35993
Lea County Correctional Facility
Hobbs, New Mexico

    *Pro se petitioner*