IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNIE SACOMAN,

       Petitioner,

vs.                                              No. CIV 20-694 JB/JHR

DWAYNE SANTISTEVAN and
HECTOR BALDERAS

       Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Petitioner Ernie Sacoman's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed July 13, 2020 (Doc. 1)("Petition"). Sacoman is serving a life sentence in state prison for felony murder. See Petition at 1. The Court previously ordered him to show cause why any challenges to a 2011 amended judgment are not time-barred for failure to file within the one-year habeas limitation period. See Memorandum Opinion and Order at 1, filed October 15, 2020 (Doc. 4)("Screening MOO"). Having reviewed Sacoman's tolling arguments and applicable law, the Court will dismiss the Petition with prejudice.

**BACKGROUND**

The following background information was taken from the Petition, Sacoman's state court criminal docket, see State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, and Sacoman's federal habeas docket, see Sacoman v. Williams, et al, No. CIV 96-0128 JAP-LFG. The state and federal dockets are subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 Fed. App'x 792, 794

(10th Cir. 2016)(explaining that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").[1]

On April 14, 1987, a state jury convicted Sacoman of first-degree murder, conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery, and tampering with evidence.   See Petition ¶ 1, at 1 (citing State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225).   The state court sentenced Sacoman to life imprisonment, followed by two years of parole.   See Petition ¶ 3, at 1.   Sacoman filed a direct capital appeal with the Supreme Court of New Mexico ("NMSC").   On September 27, 1988, the NMSC affirmed the conviction and sentence "in it[]s entirety . . . ."   See Petition ¶ 9(c), at 2. Sacoman then filed various state habeas motions, but the state court denied all relief.   See Petition at ¶ 11, 3-4; see also State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, Docket Sheet.

On January 30, 1996, Sacoman filed his first federal Petition for Writ of Habeas Corpus

---

[1]Mitchell v. Dowling is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Mitchell v. Dowling and the other published opinions cited herein, Taylor v. Wade, 789 Fed. App'x 674, 677 (10th Cir. 2019); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012); Gunderson v. Abbott, 172 Fed. App'x 806, 809 (10th Cir. 2006); Sutton v. Mikesell, 2020 WL 1845283, at *2 (10th Cir. Apr. 13, 2020), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

under 28 U.S.C. § 2254.  <u>See</u> Petition ¶ 11, at 6.  <u>See also</u> Sacoman v. Williams, et al, No. CIV 96-0128 JP\LFG (Doc. 1)("1996 Petition").  The federal docket sheet reflects that the Honorable Lorenzo F. Garcia, United States Magistrate Judge for the United States District Court for the District of New Mexico (now Ret.), issued Proposed Findings and a Recommended Disposition ("PFRD") recommending denying the 1996 Petition and dismissing the action with prejudice. <u>See</u> Magistrate Judge's Proposed Findings and a Recommended Disposition, filed January 7, 1997 in <u>Sacoman v. Williams, et al</u>, No. CIV 96-0128 JP\LFG (Doc. 14).  The Honorable James A. Parker, now Senior United States District Judge for the United States District Court for the District of New Mexico, adopted the PFRD, denied the 1996 Petition, and entered Final Judgment in favor of the respondent on all claims.  <u>See</u> <u>Sacoman v. Williams, et al</u>, No. CIV 96-0128 JP\LFG, Order by Judge James A. Parker adopting Magistrate Judge's Proposed Findings and Recommended Disposition [14-1] and Denying Habeas Corpus Petition [1-1] [and] Dismissing Case with Prejudice, filed April 21, 1997 (Doc. 16); <u>Sacoman v. Williams, et al</u>, No. CIV 96-0128 JP\LFG, Final Judgment by James A. Parker in Favor of Respondent on All of Petitioner's Claims, filed April 21, 1997 (Doc. 16).

Those documents are not electronically available via CM/ECF.  Because Sacoman pursued an appeal, however, the United States Court of Appeals for the Tenth Circuit set out the case history, and described the rulings in its Order and Judgment, issued March 12, 1998, which document is available on Westlaw.  <u>See</u> <u>Sacoman v. Williams</u>, 141 F.3d 1185, 1998 WL 109845 (10th Cir. March 12, 1998)(unpublished table decision).  The appellate ruling reflects that Sacoman challenged his state convictions for "first-degree murder, conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery and tampering with evidence."  <u>Sacoman v. Williams</u> 1998 WL 109845, at *1.  It further reflects that Sacoman exhausted his state remedies

before filing the 1996 Petition and that Senior Judge Parker denied relief on the merits. See Sacoman v. Williams 1998 WL 109845, at *1. Specifically, Senior Judge Parker rejected the following arguments:

> (1) juror misconduct violated his constitutional right to a fair trial and necessitates a new trial; (2) there was insufficient evidence to support his conviction; (3) the trial court violated his constitutional right to a fair trial by refusing to order the state to produce the psychological records of a witness who testified against petitioner; (4) his right to a fair trial was violated because the prosecution questioned petitioner about a previous juvenile adjudication; and (5) ineffective assistance of counsel violated his rights under the Sixth Amendment.

Sacoman v. Williams 1998 WL 109845, at *1. After finding no error in Senior Judge Parker's decision, the Tenth Circuit denied Sacoman's "application for a certificate of probable cause," which today is called a certificate of appealability. Sacoman v. Williams 1998 WL 109845, at *3. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 (noting that circuit courts must generally grant or deny a certificate of appealability after the district court dismisses a habeas petition).

Sacoman filed this § 2254 Petition on July 13, 2020. See Petition ¶ 1, at 1. The Petition's first page reflects that Sacoman is challenging the same state convictions at issue in the 1996 Petition -- i.e., murder, armed robbery, tampering with evidence, and conspiracy. See Petition ¶ 5, at 1. It also appears Sacoman is challenging a state court order entered July 19, 2011, which amended his judgment and sentence. See Petition, at 5, 19; State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, Order Amending Judgment and Sentence to Correct Parole Term, filed July 19, 2011 ("2011 State Order"). The 2011 State Order provides:

> The Court hereby finds that the Judgment and Sentence needs to be corrected to reflect the correct parole term applicable at the time of the offense and the

> sentencing in this case pursuant to § 31-21-10(B), NMSA 1978.   The Court hereby orders that the defendant, upon completion of the life sentence of imprisonment, shall be required to undergo a minimum period of parole of five (5) years.

2011 State Order at 1.   Construed liberally, Sacoman argues that the state court violated his due process rights by entering the 2011 State Order without notice or an opportunity to object.   See Petition ¶ 12(a), at 5.   The Petition also contains a passing reference to the repeated denial of parole based on Sacoman's decision to maintain his innocence.   See Petition ¶ 18, at 14.

On October 15, 2020, the Court screened the Petition sua sponte pursuant to rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Effective Feb. 1, 1997, as amended on Dec. 1, 2019.   See Screening MOO at 1.   The Screening MOO is incorporated herein by reference.   The Court concluded that it lacks jurisdiction over any successive habeas claims challenging the original 1987 conviction.   District courts only have jurisdiction over a petitioner's first habeas action; a petitioner may file a second or successive habeas action only if authorized by the applicable Court of Appeals.   See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); 28 U.S.C. §§ 2244(a)-(c).   Sacoman has not sought or obtained the proper authorization, and Court further determined a transfer to the Tenth Circuit was not in the interest of justice, because any challenges to a 1987 conviction are time-barred.   See In re Cline, 531 F.3d at 1251. Accordingly, the Screening MOO dismisses for lack of jurisdiction any successive § 2254 habeas claims challenging Sacoman's 1987 convictions and sentence.

The Screening MOO further declines to consider whether the New Mexico Adult Parole Board ("Parole Board") improperly denied parole based on Sacoman's refusal to admit guilt.   See Petition ¶ 18, at 14 (arguing that Sacoman is eligible for parole, has "seen the Parole Board in 2016, 2018, and 2020[,] and has been denied[,] probably because [he] continues to maintain his innocence").   Any challenge to the sentence's execution, and in particular, the term of parole,

must be brought under 28 U.S.C. § 2241 rather than under 28 U.S.C. § 2254.   See <u>McIntosh v. U.S. Parole Comm'n</u>, 115 F.3d 809, 811 (10th Cir. 1997)(explaining the distinction between habeas proceedings under §§ 2241 and 2254, and holding that challenges to a sentence's execution can be raised only under § 2241); <u>Sutton v. Mikesell</u>, 2020 WL 1845283, at *2 (10th Cir. Apr. 13, 2020)(applying § 2241 to review state parole board's decision to defer a conditional grant of parole)(unpublished).

With respect to Sacoman's habeas claim challenging the 2011 State Order, the Screening MOO concluded that such claim appears time-barred from the 2020 Petition's face.   See Screening MOO at 9-12.   See also <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006)(explaining that, as part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").   The Screening MOO orders Sacoman to file a response showing cause, if any, why the Court should not dismiss as untimely his remaining claims challenging the 2011 State Order.   See Screening MOO at 12.   On November 12, 2020, Sacoman timely filed his Response to Memorandum Opinion and Order by Honorable James O. Browning, United States District Judge.   See Response to Memorandum Opinion and Order by Honorable James O. Browning, United States District Judge, filed November 12, 2020 (Doc. 6)("Response"). The matter is ready for review, and the Court will consider whether the Response establishes grounds for tolling as to the remaining habeas claim -- <u>i.e.</u>, the claim challenging the 2011 State Order.

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a one-year statute of limitations governs petitions for a writ of habeas corpus by a person in state custody.   See 28 U.S.C. § 2244(d).   Section 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).   The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final.   See 28 U.S.C. § 2244(d).   The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review.   See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

This one-year statute of limitations is tolled when a petitioner files state habeas corpus petition.   Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending."   28 U.S.C. § 2244(d)(2).   A state habeas petition is "pending"

and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures.   See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010).   A state habeas petition submitted after the one-year deadline, however, does not toll the limitations period.   See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").

The one-year statute of limitations may also be subject to equitable tolling.   Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file.   See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).   Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling.   See Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 Fed. App'x 674, 677 (10th Cir. 2019)("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012)(concluding that the petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the court can] address[] the merits of [his] claims."   United States v. Greer, 881 F.3d

1241, 1244 (10th Cir.), <u>cert. denied</u>, 139 S. Ct. 374 (2018).   Accordingly, federal courts have authority to sua sponte consider a habeas petition's timeliness on screening.   <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006)(noting that, as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## ANALYSIS

The only remaining 28 U.S.C. § 2254 habeas claim pertains to Sacoman's challenge to the 2011 State Order amending his term of parole.   <u>See</u> Petition ¶ 12, at 5; Screening MOO at 9-12. Sacoman argues that the State court entered the 2011 State Order in violation of the federal Due Process Clause.   <u>See</u> Petition ¶ 12, at 5.   He believes the 2011 State Order functionally "added three years . . . to the sentence" and appears to argue that counsel was ineffective for failing to object or intervene.[2]   <u>See</u> Response at 1.   The State court entered the 2011 State Order on July 19, 2011, and there was no appeal.   <u>See</u> Petition at 19; Docket Sheet in <u>State of New Mexico v. Sacoman</u>, Second Judicial District Court Case No. D-202-CR-1986-41225.   Absent tolling, the 2011 State Order became final no later than August 19, 2011, the first business day following expiration of the thirty-day state appeal period.   <u>See</u> <u>Locke v. Saffle</u>, 237 F.3d 1269, 1271-1273 (10th Cir. 2001)(concluding that, for § 2254's purposes, the conviction becomes final upon the expiration of the State appeal period); NMRA, Rule 12-201 (notice of appeal must be filed within

---

[2]To the extent Sacoman's reference to ineffective assistance of counsel pertains to his original trial counsel -- and he continues to challenge the 1987 convictions and sentence -- the Court already has dismissed such challenge for lack of jurisdiction and will not revisit that ruling here.   <u>See</u> Response at 1; Screening MOO at 9-12.   The Court also declines to consider Sacoman's passing argument that he "bases his second or successive claim on a new rule of constitutional" law, because Sacoman does not specify the "new rule" to which he refers. <u>Response</u> at 5 (citing 28 U.S.C. § 2244(b)(2)).   The challenge to the 2011 State Order is not successive, and, as the Screening MOO notes, any challenges to the original 1987 convictions and sentence are not based on a new constitutional law.   <u>See</u> Screening MOO at 10.

thirty days after entry of the order or judgment).

In his show cause Response, Sacoman seeks statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D).  See Response at 6.  Under that section, the one-year habeas limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D). Sacoman alleges that he did not discover the 2011 State Order until his first unsuccessful parole hearing in 2016.  See Response at 4.  He avers that he then "exhausted his state remedies and filed his writ of habeas corpus [under] 2254 on July 13, 2020."  Response at 4.

Accepting these allegations as true, the § 2254 habeas claims are still time-barred.  The Court assumes, without deciding, that the one-year limitation period began to run in 2016, when Sacoman discovered the 2011 State Order.  See § 2244(d)(1)(D).  The state docket sheet reflects there was no activity in Sacoman's state case during the next year.  See State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, Docket Sheet.  Thus, even under Sacoman's timeline, the one-year limitation period expired no later than 2017. Although Sacoman filed a state court Petition for Postconviction Relief on November 7, 2018, any state tolling motions or habeas petitions filed after expiration of the one-year period do not restart the clock.  See State of New Mexico v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225 Petition for Postconviction Relief, filed November 7, 2018; Gunderson v. Abbott, 172 Fed. App'x 806, 809 (10th Cir. 2006)("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); Fisher v. Gibson, 262 F.3d at 1142-43 ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after . . . end of the limitations period").  Sacoman is therefore not entitled to statutory tolling under §

2244(d)(1)(D).

To the extent that Sacoman seeks equitable tolling, this argument also fails.  As noted above, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d at 1220.   "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).   The petitioner must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition.  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).   The show cause Response contains no allegations that Sacoman diligently pursued his claim within one-year after learning about the 2011 State Order, nor does it allege any extraordinary circumstances delayed the habeas filing.   It appears Sacoman did not know he had to pursue relief within one year after discovering the 2011 State Order at a parole hearing in 2016.   It "is well established," however, "that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."   Marsh v. Soares, 223 F.3d at 1229 (addressing equitable tolling).   There are, therefore, no grounds for equitable tolling.

Sacoman's Response also raises multiple substantive challenges to the 2011 State Order, arguing that it qualifies as an illegal sentence enhancement and that the state entered it "secretly."  Response at 5-8.   Federal courts cannot consider a habeas claim's merits unless the petitioner complies with §§ 2244 and 2254's stringent procedural requirements, including the one-year limitation period.   See United States v. Greer, 881 F.3d 1241, 1244 (10th Cir. 2018)("Before addressing the merits of [the petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . .   The first of these barriers is timeliness.").   Accordingly, Sacoman's arguments about the validity of the 2011

State Order cannot save the otherwise untimely Petition.

Finally, the Response argues Sacoman is not eligible for good time credits and has not been paroled.  See Response at 3.  The Court reiterates that any challenge to the execution of a sentence, and in particular, the term of parole, must be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.  See McIntosh v. U.S. Parole Comm'n, 115 F.3d at 811 (holding challenges to the execution of a sentence can only be raised under § 2241); Sutton v. Mikesell, 2020 WL 1845283, at *2 (applying § 2241 to review state parole board's decision to defer a conditional grant of parole)(unpublished).   The Court will not grant relief in this proceeding based on the execution of Sacoman's sentence, but he may file a separate § 2241 petition raising claims regarding good time credits and parole.

For the foregoing reasons, the Court concludes that Sacoman's 28 U.S.C. § 2254 habeas claim challenging his 2011 State Order is time-barred, and any claims regarding his parole or good time credits are not actionable in this § 2254 proceeding.   Because no other claims remain, the Court will dismiss the Petition and enter Final Judgment.

## CERTIFICATE OF APPEALABILITY

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Slack v. McDaniel, 529 U.S. 473, 484 (2000).   Here, the time-bar is not reasonably debatable, and Sacoman has not raised a colorable argument for tolling.   The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that: (i) to the extent Petitioner Ernie Sacoman's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed September 25, 2019 (Doc. 1), challenges the 2011 State Order, such claim is dismissed with prejudice; (ii) to the extent Sacoman challenges the execution of his sentence, such claims are dismissed without prejudice to filing a 28 U.S.C. § 2241 proceeding; (iii) a certificate of appealability is denied; and (iv) the Court will enter a separate Final Judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Ernie Sacoman, # 35993
Lea County Correctional Facility
Hobbs, New Mexico

   *Pro se petitioner*

- 13 -